UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

EDDY BERMUDEZ,  )
 ) 2:05-cv-2245-GEB-KJM
            Plaintiff,  )
 ) ORDER TO SHOW CAUSE
    v.  ) AND CONTINUING STATUS
 ) (PRETRIAL SCHEDULING)
OFFICEMAX and DOES 1-20,  ) CONFERENCE
 )
            Defendants.  )
 )

The November 7, 2005, Order Setting Status (Pretrial Scheduling) Conference scheduled a status conference in this case for February 21, 2006, and required the parties to file a joint status report no later than fourteen days prior to the scheduling conference. The Order further required that a status report be filed regardless of whether a joint report could be procured.[1] The joint status report

---

[1] As the Order states:

> The failure of one or more of the parties to participate in the preparation of the Joint Status Report does not excuse the other parties from their obligation to timely file a status report in accordance with this Order. In the event a party fails to participate as ordered, the party timely submitting the status report shall include a declaration explaining why it was unable to obtain the cooperation of the other party or parties.

(continued...)

1

1  filed by the parties was submitted on February 9, 2006, which was
2  untimely.
3          Counsel is Ordered to Show Cause (OSC) no later than
4  4:00 p.m. on March 6, 2006, why sanctions should not be imposed under
5  Rule 16(f) of the Federal Rules of Civil Procedure against counsel
6  and/or the parties for the failure to file a timely status report, as
7  ordered.  The written response shall state whether the parties or
8  counsel is at fault and whether a hearing is requested on the OSC.[2]
9  If a hearing is requested, it will be held on March 20, 2006, at
10 9:00 a.m., just prior to the status conference, which is rescheduled
11 to that date.
12         IT IS SO ORDERED.
13 Dated:  February 10, 2006

                                    /s/ Garland E. Burrell, Jr.
15                                  GARLAND E. BURRELL, JR.
                                    United States District Judge

---

[1](...continued)
Order filed November 7, 2005, at 2 n. 1.

[2]   "If the fault lies with the attorney, that is where the
impact of sanction should be lodged.  If the fault lies with the
clients, that is where the impact of the sanction should be
lodged."  Matter of Sanction of Baker, 744 F.2d 1438, 1442 (10th
Cir. 1984), cert. denied, 471 U.S. 1014 (1985).  Sometimes the
faults of attorneys, and their consequences, are visited upon
clients.  In re Hill, 775 F.2d 1385, 1387 (9th Cir. 1985).

2