IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| EDDY BERMUDEZ, | ) | 2:05-cv-2245-GEB-KJM |
| | ) | |
| Plaintiff, | ) | |
| | ) | STATUS (PRETRIAL |
| v. | ) | SCHEDULING) ORDER |
| | ) | |
| OFFICEMAX, | ) | |
| | ) | |
| Defendant.[1] | ) | |
| | ) | |

Because of the issuance of this Status (Pretrial Scheduling) Order, the status conference scheduled for March 20, 2006, is vacated. However, pursuant to counsel's request, **the Order to Show Cause remains scheduled for hearing on March 20, 2006, at 9:00 a.m.**

SERVICE, JOINDER OF ADDITIONAL PARTIES, AMENDMENT

No further service is permitted, except with leave of Court, good cause having been shown.

No further joinder of parties or amendments to pleadings is permitted, except with leave of Court, good cause having been shown.

---

[1] The caption has been amended according to the Dismissal of Doe Defendants portion of this Order.

1

1    <u>DISMISSAL OF DOE DEFENDANTS</u>

2         Since Plaintiff has not justified Doe defendants remaining

3    in this action, Does 1-20 are dismissed.  <u>See</u> Order Setting Status

4    (Pretrial Scheduling) Conference filed November 7, 2005, at 2 n.2

5    (indicating that if Plaintiff or Plaintiffs fail to set forth in the

6    Joint Status Report a date by when the identities of any "Doe"

7    defendants are expected to be discovered, the claims against Doe

8    defendants would be deemed abandoned and a dismissal order would

9    follow).

10   <u>DISCOVERY</u>

11        All discovery shall be completed by December 19, 2006.  In

12   this context, "completed" means that all discovery shall have been

13   conducted so that all depositions have been taken and any disputes

14   relative to discovery shall have been resolved by appropriate orders,

15   if necessary, and, where discovery has been ordered, the order has

16   been complied with or, alternatively, the time allowed for such

17   compliance shall have expired.[2]

18        Each party shall comply with Federal Rule of Civil Procedure

19   26(a)(2)'s initial expert witness disclosure and report requirements

20   on or before July 19, 2006, and with the rebuttal expert disclosures

21   authorized under the Rule on or before August 21, 2006.

22   /////

23   /////

24

---

25   [2]   The parties are advised that the Magistrate Judges in the
26   Eastern District are responsible for resolving discovery disputes.  <u>See</u>
     Local Rule 72-302(c)(1).  Accordingly, counsel shall direct all
27   discovery-related matters to the Magistrate Judge assigned to this case.
     A party conducting discovery near the discovery "completion" date runs
28   the risk of losing the opportunity to have a judge resolve discovery
     motions pursuant to the Local Rules.

MOTION HEARING SCHEDULE

The last hearing date for motions shall be March 19, 2007, at 9:00 a.m.[3]

Motions shall be filed in accordance with Local Rule 78-230(b).  Opposition papers shall be filed in accordance with Local Rule 78-230(c).  <u>Failure to comply with this local rule may be deemed consent to the motion and the Court may dispose of the motion summarily</u>.  <u>Brydges v. Lewis</u>, 18 F.3d 651, 652-53 (9th Cir. 1994). Further, failure to timely oppose a summary judgment motion may result in the granting of that motion if the movant shifts the burden to the nonmovant to demonstrate a genuine issue of material fact remains for trial.  <u>Cf</u>. <u>Marshall v. Gates</u>, 44 F.3d 722 (9th Cir. 1995).

Absent highly unusual circumstances, reconsideration of a motion is appropriate only where:

(1)  The Court is presented with newly discovered evidence that could not reasonably have been discovered prior to the filing of the party's motion or opposition papers;

(2)  The Court committed clear error or the initial decision was manifestly unjust; or

(3)  There is an intervening change in controlling law. A motion for reconsideration based on newly discovered evidence shall set forth, in detail, the reason why said evidence could not reasonably have been discovered prior to the filing of the party's motion or opposition papers.  Motions for reconsideration shall comply with Local Rule 78-230(k) in all other respects.

---

[3]     This time deadline does not apply to motions for continuances, temporary restraining orders, emergency applications, or motions under Rule 16(e) of the Federal Rules of Civil Procedure.

The parties are cautioned that an untimely motion characterized as a motion in limine may be summarily denied.  A motion in limine addresses the admissibility of evidence.

<u>FINAL PRETRIAL CONFERENCE</u>

The final pretrial conference is set for May 21, 2007, at 2:30 p.m.  The parties are cautioned that the lead attorney who WILL TRY THE CASE for each party shall attend the final pretrial conference.  In addition, all persons representing themselves and appearing <u>in</u> <u>propria</u> <u>persona</u> must attend the pretrial conference.

The parties are warned that <u>non-trialworthy issues could be eliminated <i>sua sponte</i></u> "[i]f the pretrial conference discloses that no material facts are in dispute and that the undisputed facts entitle one of the parties to judgment as a matter of law." <u>Portsmouth Square v. Shareholders Protective Comm.</u>, 770 F.2d 866, 869 (9th Cir. 1985).

The parties shall file a <u>JOINT</u> pretrial statement with the Court not later than seven (7) days prior to the final pretrial conference.[4]  The joint pretrial statement shall specify the issues for trial.  The Court uses the parties' joint pretrial statement to prepare its final pretrial order and could issue the final pretrial order without holding the scheduled final pretrial conference.  <u>See</u> <u>Mizwicki v. Helwig</u>, 196 F.3d 828, 833 (7th Cir. 1999) ("There is no requirement that the court hold a pretrial conference.").  The final pretrial order supersedes the pleadings and controls the facts and

---

[4]   The failure of one or more of the parties to participate in the preparation of any joint document required to be filed in this case does not excuse the other parties from their obligation to timely file the document in accordance with this Order.  In the event a party fails to participate as ordered, the party or parties timely submitting the document shall include a declaration explaining why they were unable to obtain the cooperation of the other party.

1 | issues which may be presented at trial.  Issues asserted in pleadings
2 | which are not preserved for trial in the final pretrial order cannot
3 | be raised at trial.  Hotel Emp., et al. Health Tr. v. Elks Lodge 1450,
4 | 827 F.2d 1324, 1329 (9th Cir. 1987) ("Issues not preserved in the
5 | pretrial order are eliminated from the action."); Valley Ranch Dev.
6 | Co. v. F.D.I.C., 960 F.2d 550, 554 (5th Cir. 1992) (indicating that an
7 | issue omitted from the pretrial order is waived, even if it appeared
8 | in the pleading); cf. Raney v. District of Columbia, 892 F. Supp. 283
9 | (D.D.C. 1995) (refusing to modify the pretrial order to allow
10 | assertion of a previously-pled statute of limitations defense);
11 | Olympia Co. v. Celotex Corp., 597 F. Supp. 285, 289 (E.D. La. 1984)
12 | (indicating that "[a]ny factual contention, legal contention, any
13 | claim for relief or defense in whole or in part, or affirmative matter
14 | not set forth in [the pretrial statement] shall be deemed . . .
15 | withdrawn, notwithstanding the contentions of any pleadings or other
16 | papers previously filed [in the action]").

17 |      If possible, at the time of filing the joint pretrial
18 | statement counsel shall also email it in a format compatible with
19 | WordPerfect to: geborders@caed.uscourts.gov.

20 | TRIAL SETTING

21 |      Trial is set for August 21, 2007, commencing at 9:00 a.m.
22 | /////
23 | /////
24 | /////
25 | /////
26 | /////
27 | /////
28 | /////

<u>MISCELLANEOUS</u>

The parties are reminded that pursuant to Federal Rule of Civil Procedure 16(b), the Status (pretrial scheduling) Order **shall not be modified except by leave of Court upon a showing of good cause. Counsel are cautioned that a mere stipulation by itself to change dates does not constitute good cause.**

IT IS SO ORDERED.

Dated:  March 16, 2006

/s/ Garland E. Burrell, Jr.
GARLAND E. BURRELL, JR.
United States District Judge