IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| EDDY BERMUDEZ | ) | |
| | ) | 2:05-cv-2245-GEB-KJM |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER[*] |
| | ) | |
| OFFICEMAX, | ) | |
| | ) | |
| Defendant. | ) | |

On March 16, 2007, Plaintiff's attorney Monterossa filed a motion, submitted in the form of a declaration ("Plaintiff's motion"), in which he requests Plaintiff be allowed to submit a late opposition to Defendant's motion for summary judgment. The scheduled hearing date for Defendant's motion was March 16, 2007, the last hearing date on which motions could be heard under the Rule 16 Scheduling Order. Defendant's summary judgment motion was submitted by minute order filed on March 13, 2007. Plaintiff failed to respond to Defendant's motion prior to the filing made on March 16, 2007, even though Local Rule 78-230(c) obligated Plaintiff to file an opposition on or before March 5, 2007.

Plaintiff's motion declares that Plaintiff seeks six depositions and other discovery to oppose Defendant's motion for

---

[*] This case was determined to be suitable for decision without oral argument. L.R. 78-230(h).

1

summary judgment.  However, the Rule 16 Scheduling Order prescribes that discovery was to be completed by December 19, 2006.  Plaintiff "d[oes] *not* specifically request that the court modify its scheduling order;" he merely requests discovery under Rule 56(f).  <u>Johnson v. Mammoth Recreations, Inc.</u>, 975 F.2d 604, 608 (9th Cir. 1992).  But an amendment of the Rule 16 Scheduling Order authorizing Plaintiff to conduct further discovery is a necessary prerequisite to granting Plaintiff's Rule 56(f) request for additional discovery since the discovery completion date has passed.  <u>See</u> <u>Saavedra v. Murphy Oil U.S.A., Inc.</u>, 930 F.2d 1104, 1107 (5th Cir. 1991) (stating movant "should have sought an extension of the discovery cutoff date [before moving for Rule 56(f)continuance.]"); <u>see also</u> <u>Nidds v. Schindler Elevator Corp.</u>, 113 F.3d 912, 920-21 (9th Cir. 1997) (upholding denial of a Rule 56(f) motion where discovery deadline had passed).  Further, an amendment of the last motion hearing date prescribed in the Rule 16 Scheduling Order would also be required.  The Rule 16 Scheduling Order "shall not be modified except upon a showing of good cause."  Fed. R. Civ. P. 16(b).  The conclusory declaration of Plaintiff's counsel is insufficient to meet this standard.

For the stated reasons, Plaintiff's motion is denied.

Dated:  March 20, 2007

_____
GARLAND E. BURRELL, JR.
United States District Judge