IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

```
EDDY BERMUDEZ,                  )
                                )   2:05-cv-2245-GEB-DAD
               Plaintiff,       )
                                )
     v.                         )   ORDER*
                                )
OFFICE MAX,                     )
                                )
                                )
               Defendant.       )
_____)
```

Defendant Office Max seeks summary judgment or summary adjudication of Plaintiff's claims. Plaintiff has not filed a timely opposition.[1]

---

\* This matter was determined to be suitable for decision without oral argument. L.R. 78-230(h).

[1] Under Local Rule 78-230(c), Plaintiff's opposition was due on or before March 5, 2007. Plaintiff did not file an opposition and instead filed a document on March 16, 2007, in which Plaintiff requests that he be allowed to submit a late opposition which would be filed at

(continued...)

1

BACKGROUND

Plaintiff was an employee of Defendant from November 1996 through September 2004. (Def.'s Statement of Undisputed Facts ("SUF") ¶¶ 1, 30.) Plaintiff was first hired as a Receiving Associate and was subsequently promoted to Receiving Supervisor where his job responsibilities included record-keeping for all freight coming into the store, unloading the OfficeMax delivery trucks, and stocking of merchandise and distribution of supplies throughout the store. (SUF ¶¶ 1-3.) Plaintiff was transferred from Receiving Supervisor to Stocking Supervisor in February 2004, where he was required to spend more time on the sales floor. (Id. ¶¶ 6, 10.) The Stocking Supervisor job title was later changed to Logistics Supervisor in all OfficeMax stores. (Id. ¶ 9.)

In May 2004, Defendant implemented the OfficeMax Supervisor Restructure Strategy, mandated for all OfficeMax stores across the county. (Id. ¶¶ 19, 20.) The Supervisory Restructure Strategy changed three supervisory positions, including Plaintiff's position as Stocking /Logistics Supervisor. (Id. ¶ 21.) As a result, Plaintiff was one of three individuals whose position was changed from "supervisor" to an hourly associate position. (Id. ¶ 22.) However, Plaintiff's pay was not reduced. (Id. ¶ 8.)

---

[1](...continued)
an unspecified time after Plaintiff conducts discovery. Plaintiff's March 16 filing failed to satisfy the good cause standard prescribed in Rule 16(b), applicable to Plaintiff's scheduling requests. Specifically, Plaintiff's request to conduct discovery impliedly seeks modification of the December 19, 2006 date by which all discovery was required to be completed. See Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 608-09 (9th Cir. 1992). Further, since Defendant's summary judgment motion was scheduled for hearing on the last hearing date prescribed for law and motion in the Rule 16(b) scheduling order, Plaintiff also impliedly seeks continuance of this date.

During Plaintiff's employment with Defendant, Plaintiff received several disciplinary warnings for being late to work, taking excessive lunch breaks, and taking a personal call on his cell phone while working on the OfficeMax sales floor. (Id. ¶¶ 5, 11, 16, 25.) Plaintiff was warned that his actions were violations of Company policy and could lead to termination. (Id. ¶¶ 13, 18.) Further, prior to Plaintiff's termination, Defendant's manager held a store-wide meeting where the Company's attendance policy was explicitly articulated. (Id. ¶¶ 14, 15.) On August 9, 2004, Plaintiff received another disciplinary warning and on that same day, Plaintiff submitted two letters to Defendant in which he raised claims of discrimination. (Id. ¶ 28.) On August 26, 2004, Plaintiff took another excessive lunch break. (Id. ¶ 29.) Plaintiff was terminated for repeated violations of Defendant's time and attendance policy on September 1, 2004. (Id. ¶ 30.)

Plaintiff alleges three claims against Defendant in his Complaint: retaliation for engaging in protected conduct under the California Fair Employment and Housing Act ("FEHA") (prescribed in California Government Code section 12940(h)); wrongful termination in violation of public policy under both FEHA and California Penal Code section 474; and race and national origin discrimination in violation of FEHA. (Compl. ¶¶ 5-26.)

## DISCUSSION

I. Race and National Origin Discrimination Claim

Defendant argues that Plaintiff cannot establish a prima facie case of race or national origin discrimination because "Plaintiff was not competently performing his job at the time [Defendant] terminated his employment." (Mot. at 6:9-11, 17-18.) To

establish a prima facie case of race or national origin discrimination, "[P]laintiff must provide evidence that (1) he was a member of a protected class, (2) he was . . . performing competently in the position he held, (3) he suffered an adverse employment action . . ., and (4) some other circumstance suggests discriminatory motive." Guz v. Bechtel Nat. Inc., 24 Cal. 4th 317, 355 (2000).

The evidentiary record supports Defendant's position that Plaintiff was not performing his job competently as a result of his "chronic tardiness and failure to follow the Company's 30 minute lunch policy." (Mot. at 6:18-19.)  Plaintiff received a disciplinary warning for being late to work eight times over a five week period on October 2, 2003.  (SUF ¶ 5.)  On February 6, 2004, Plaintiff received a second disciplinary warning for taking a personal cell phone call on Defendant's sales floor in violation of company policy, in which "Plaintiff was notified that any further violation . . . could result in additional disciplinary action[,] including termination." (Id. ¶¶ 11-13.)  On May 7, 2004, Plaintiff received a third disciplinary warning that "outlined the fact that, over the prior two month period, Plaintiff had taken an excessive period of time for lunch breaks on 13 occasions and had been late to work on 11 other occasions." (Id. ¶¶ 16-17.)  This warning stated that Plaintiff must report on time for work, take no more than thirty minutes for lunch, and that any future violations could lead to termination.  (Id. ¶ 18.)  On August 9, 2004, Plaintiff received a fourth disciplinary warning for taking more than 30 minute lunch breaks on August 4 and 5, 2004, and was advised that he must return from lunch on time and that he would be strictly monitored.  (Id. ¶ 25.)  Subsequently, Rick Barton, Defendant's Store Manager, conducted a store-wide meeting where he emphasized the

Company's attendance policy and stated that tardiness to work and taking more than 30 minutes for lunch breaks "would not be tolerated and that such future violations . . . could lead to disciplinary action . . . including termination." (Id. ¶ 15.) Plaintiff attended this meeting. (Id. ¶ 14.) On August 26, 2004, Plaintiff took an extended lunch period of fifty-four minutes. (Id. ¶ 29.) Plaintiff was terminated on September 1, 2004, based on his "repeated violations of the time and attendance policy." (Id. ¶ 30.)

Plaintiff alleges in his Complaint that his "job schedule was frequently changed." (Compl. ¶ 23.) Further, in one of Plaintiff's letters to Defendant dated August 9, 2004, Plaintiff stated that "since I have been working for years at Office Max I had a fixed schedule but somehow [the assistant and store managers] kept changing and rotating my lunch[] schedule." (Howard Magee Decl., Ex. 6 to Eddy Bermudez Dep. ("Bermudez Dep."); see Bermudez Dep. at 20:1-10.) However, this allegation and averment is not sufficient to create a genuine issue of material fact as to whether Plaintiff was performing his job competently. The undisputed facts show that Plaintiff was not performing his job competently and therefore, Plaintiff cannot establish a prima facie case of race and national origin discrimination. Defendant's motion is granted on this claim.

II. Retaliation Claim

Defendant seeks summary judgment on Plaintiff's retaliation claim, contending Plaintiff cannot establish a prima facie case of retaliation. (Mot. at 10:22-24.) "To establish a prima facie case [of retaliation], [] [P]laintiff must show that he engaged in a protected activity, his employer subjected him to adverse employment action, and there is a causal link between the protected activity and

the employer's action." <u>Flait v. North American Watch Corp.</u>, 3 Cal. App. 4th 467, 476 (1992).

Plaintiff alleges in his Complaint that his termination was "false and pretextual" because it was in retaliation for writing a letter to Defendant's Human Resources Officer in which Plaintiff reported he was subjected to discriminatory treatment. (Compl. ¶ 8 (h),(g).) Even assuming, arguendo, that Plaintiff's letters constitute protected activity under FEHA, Plaintiff has not shown that there is "a causal link between the protected activity and the employer's action."[2] (<u>Id.</u>) Plaintiff's letters were submitted to Defendant's Human Resources Department on August 9, 2004. (Bermudez Dep. at 120:3-14, 20:5-10, Ex. 6, 7; Compl. ¶ 8(g).) However, prior to the submission of these letters, Plaintiff had already received several disciplinary warnings from Defendant, including notice that any further violations of Company policy could lead to termination. (SUF ¶¶ 27-28, 5, 11, 16.) Further, Plaintiff took another excessive lunch break on August 26, 2004. (<u>Id.</u> ¶ 29.) Accordingly, Defendant had legitimate reasons for terminating Plaintiff on September 1, 2004. See <u>Garner v. Motorola, Inc.</u>, 95 F. Supp. 2d 1069, 1080 (D. Ariz. 2000) ("An employer is not and should not be required to 'back off' from its pursuit of performance-related concerns merely because an employee has brought charges of discrimination."); <u>see also</u> <u>Mesnick v. General Elec. Co.</u>, 950 F.2d 816, 828 (1st Cir. 1991) ("Were the rule otherwise, then a disgruntled employee, no matter how poor his performance or how contemptuous his attitude toward his supervisors,

---

[2] Plaintiff only references one letter in his Complaint. (<u>See</u> Compl. ¶ 8(g).) However, the record shows that Plaintiff submitted two letters to Defendant alleging discriminatory treatment. (SUF ¶ 28.)

1  could effectively inhibit a well-deserved discharge by merely filing,
2  or threatening to file, a discrimination complaint."). The facts show
3  that there is no causal connection between the alleged protected
4  activity and Plaintiff's termination.
5        Plaintiff also alleges he engaged in protected conduct under
6  FEHA by reporting an employee's alleged theft to Defendant's store
7  assistant and manager. (Compl. ¶ 8(I).) However, reporting an
8  alleged theft is not protected conduct under FEHA and therefore
9  Plaintiff cannot establish a prima facie case of retaliation based
10 upon this allegation. See generally Cal. Govt. Code § 12940 and
11 12940(h) ("It shall be an unlawful employment practice . . . [f]or any
12 employer . . . to discharge, expel, or otherwise discriminate against
13 any person because the person has opposed any practices forbidden
14 *under this part or because the person has filed a complaint,*
15 *testified, or assisted in any proceeding under this part*.) (Emphasis
16 added). Since Plaintiff has not established a prima facie case of
17 retaliation, Defendant's motion on this claim is granted.

III. Wrongful Termination Claim

19        Defendant also seeks summary judgment on Plaintiff's
20 wrongful termination claim. (Mot. at 14:8-9.) Plaintiff's wrongful
21 termination claim alleges both a violation of the public policy
22 embodied in FEHA and that embodied in California Penal Code section
23 474. (Compl. ¶ 15 ("In violation of public policy, [] Defendants
24 wrongfully suspended Plaintiff in August 2004 and terminated Plaintiff
25 on or about [September 1, 2004] due to retaliation for complaining
26 about discrimination in violation of the public policy contained in
27 Government Code section 12490 and for reporting theft in violation of
28 the public policy contained in California Penal Code section 474.").)

1  Defendant argues that "[b]ecause Plaintiff's discrimination and
2  retaliation claims based on FEHA fail . . . , his second claim for
3  wrongful termination in violation of the public policy embodied in the
4  FEHA also necessarily fails."  (Mot. at 14:20-25.)  Defendant argues
5  that Plaintiff's claim for wrongful termination in violation of the
6  public policy embodied in California Penal Code section 474 fails
7  because this section does not create a fundamental public policy
8  against Plaintiff's termination.  (Mot. at 15:1-4.)

If "[P]laintiff cannot show a prima facie case under FEHA, [he] cannot show that [he] was wrongly terminated on the grounds of a violation of public policy premised on FEHA."  Keifer, 2006 WL 2620926, at *8.  Since Plaintiff has not established a prima facie case of race and national origin discrimination or retaliation under FEHA, he cannot establish a claim for wrongful termination in violation of public policy under FEHA.

Further, California Penal Code section 474 provides that "every person who knowingly and willfully sends by telegraph or telephone . . . a false or forged message, purporting to be from a telegraph or telephone office, . . . with the intent to deceive, injure, or defraud another, is punishable by imprisonment . . . or by fine."  Cal. Penal Code § 474.  Plaintiff does not allege that he was terminated for engaging in any behavior prohibited by this section. Accordingly, Plaintiff's claim for wrongful termination in violation of public policy is not supported by California Penal Code section 474.  Therefore, Defendant's motion on Plaintiff's wrongful termination claim is granted.

/
/

CONCLUSION

For the reasons stated, Defendant's summary judgment motion is granted.  The Clerk of the Court shall issue judgment in favor of Defendant.

Dated:  May 2, 2007

_____
GARLAND E. BURRELL, JR.
United States District Judge